THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL CHACON RODRIGUEZ, | § | |
| TDCJ No. 930603, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0515 FB (NSN) |
| NATHANIEL A. QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    Fred Biery
       United States District Judge

Before the Court is petitioner Rodriguez's Petition for a Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. § 2254 (docket entry no. 1), which is accompanied by his self-styled "Motion for Consideration of Actual Innocence as a "Gateway" to Hear His Procedurally Time-Barred Claims" (docket entry no. 2).  As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I have promptly examined petitioner Rodriguez's petition and attached exhibits.  After thoroughly reviewing the record, the applicable law, and after examining all pertinent dates, this Court recommends petitioner Rodriguez's federal habeas petition be summarily dismissed with prejudice as barred by limitations.

Pursuant to an informal referral of the above-styled and numbered cause to the undersigned United States Magistrate Judge, and consistent with the authority vested in United States Magistrates under the provisions of Title 28 U.S.C. §636(b)(1)(B) and (c) and Rule 1(d) and (e) of the Local

Rules for the Assignment of Duties to United States Magistrate Judges, Appendix C to the Local Court Rules for the Western District of Texas, the following report is submitted for your review and consideration.

## I. <u>Jurisdiction</u>

Jurisdiction is noted pursuant to Title 28 U.S.C. § 2254.

## II. <u>Statement of the Case</u>

### A.   <u>State Procedural History</u>

Petitioner Rodriguez, who is currently an inmate at the Texas Department of Criminal Justice's Coffield Unit in Tennessee Colony, Texas, challenges his July 10, 2000, Kerr County jury trial and conviction.  Agreeing with the prosecution's law of parties theory of the case, petitioner Rodriguez was convicted of aggravated robbery and received a 70 year sentence. *State v. Rodriguez,* No. A-99-250 (216 Jud. Dist. Ct., Kerr County, July 10, 2000).

Petitioner Rodriguez directly appealed his convictions and sentences challenging the legal and factual sufficiency of the evidence.  Finding no merit in petitioner Rodriguez's claims, the Texas Fourth Court of Appeals, via unpublished opinion, affirmed petitioner Rodriguez's aggravated robbery conviction and sentence. *Rodriguez v. State,* No. 04-00-00579-CR (Tex. App. San Antonio Nov. 1, 2001, *no pet.*).  While petitioner Rodriguez's direct appeal was pending, the other party who participated in the robbery, Joseph Garza, signed an affidavit recanting the extent to which petitioner Rodriguez participated in the robbery.  Petitioner Rodriguez did not file a petition for discretionary review with the Texas Court of Criminal Appeals (docket entry no. 1 at 3).

In October 2002, petitioner Rodriguez filed his Article 11.07 state habeas writ application in the state trial court.  On February 5, 2003, the Texas Court of Criminal Appeals denied petitioner

2

Rodriguez's state habeas application without written order on the findings of the trial court without a hearing. *Ex parte Rodriguez*, Application No. WR-54,667-01 (Tex. Crim. App. February 5, 2003).

Petitioner Rodriguez did not file a petition for writ of certiorari with the United States Supreme Court.

**B.      Federal Procedural History**

Petitioner Rodriguez filed the instant federal habeas corpus action on June 5, 2006, challenging his conviction for aggravated robbery. As grounds for relief, he argues he is actually innocent of aggravated robbery by virtue of the statements made by Joseph Garza in his 2001 affidavit. Petitioner acknowledges his instant federal petition is time-barred as it was not filed within one-year of his conviction becoming final. However, he argues his "actual innocence" should allow his petition to proceed in federal court despite it being time-barred. I disagree. Because petitioner Rodriguez's federal petition is barred by limitations, service upon the Respondent is unnecessary.

### III.  Analysis and Authorities

**A.      The Timeliness of Petitioner Rodriguez's Federal Habeas Petition**

Title 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on state prisoner's filing habeas petitions, and the limitation period begins to runs from the latest of the following dates: the date on which judgment became final; the date on which a state-imposed, unconstitutional impediment to filing an application is removed; the date on which the constitutional right asserted was initially recognized by the Supreme Court; or the date on which the factual basis of the claim or claims could have been discovered through due diligence.[1] Section 2244(d)(2) excludes from the

---

[1] Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of–
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

limitations period  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  The limitation period became effective April 24, 1996, pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996.[2]

In the case *sub judice*, the latest date the limitations period could begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[3]  Rule 68.2 of the Texas Rules of Appellate Procedure, sets a thirty-day limit for filing a petition for discretionary review with the Texas Court of Criminal Appeals.  Therefore, petitioner Rodriguez's § 2241(d) one-year limitations period began to run on or about December 1, 2001, giving Rodriguez until December 1, 2002, to timely file his federal habeas petition.  Petitioner Rodriguez's federal habeas petition, filed June 5, 2006, is therefore,  approximately three years, six months and four days after his § 2241(d) one-year limitations period expired.  Petitioner Rodriguez's federal habeas petition is time-barred.

Title 28 U.S.C. § 2244(d)(2), however, provides for the tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  Thus, accepting as true that petitioner Rodriguez filed his state writ on October 21, 2002, I calculate that he had to file his federal writ on or about

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]Pub. L. No. 104-132, 110 Stat. 1214.

[3]Title 28 U.S.C. § 2244(d)(1)(A) (West 2001).

March 29, 2003 – approximately six weeks following the Texas Court of Criminal Appeals' denial of his state writ on February 5, 2003.  Because petitioner Rodriguez did not file his federal writ by March 29, 2003, his federal writ petition is not entitled to § 2254(d)(2) tolling, and his federal writ petition is time-barred.

I also find petitioner Rodriguez's federal habeas petition is not entitled to equitable tolling. AEDPA's one-year limitation period[4] is equitably tolled where the government or state actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights.[5]   Petitioner Rodriguez's federal writ petition does not demonstrate the government actively misled him about his case, and petitioner Rodriguez does not assert that an extraordinary circumstance prevented him from asserting his rights.   Accordingly, petitioner Rodriguez's federal writ petition is not entitled to equitable tolling and is time-barred.

Finally, I find no merit to petitioner Rodriguez's argument that his "actual innocence" claim excuses the late filing of his federal petition so as to escape dismissal.  Petitioner Rodriguez knew of Joseph Garza's affidavit as early as the fall of 2001, and had ample opportunity to raise his claim in a timely manner and in accordance with AEDPA's strict statute of limitations.

IV. <u>Recommendation</u>

For the reasons set forth above, I  recommend that petitioner Rodriguez's Petition for a Writ of Habeas Corpus by a Person in State Custody (docket entry no. 1) be **summarily DISMISSED with prejudice** as barred by limitations.

---

[4]*See Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000).

[5]*See generally Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th  Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th  Cir. 2000).

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[6] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[7] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[8]

**SIGNED** on June 29, 2006.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[7] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

[8] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).